PER CURIAM:
Claimant brought this action for vehicle damage which occurred when his 1993 Toyota pick-up truck struck a hole on County Route 33 in Fairmont, Marion County. County Route 33 is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 5:00 p.m. on March 19, 2007. The speed limit in this area is forty-five miles per hour. Claimant testified that his vehicle had a fiberglass camper attached to the back of the truck. At the time of the incident, claimant was driving home from work at approximately thirty-five to forty miles per hour when his vehicle struck a hole in the road. Since claimant was aware that there were a series of holes towards the right of his lane, he drove onto the yellow center lines to avoid the holes. Claimant was unable to avoid the hole that his vehicle struck because there was a vehicle traveling in the opposite direction. The hole was approximately three feet long, one and a half feet wide, and six to eight inches deep. Claimant testified that he travels this road on a daily basis and noticed that the holes had been at this location for approximately one week. However, he did not call respondent prior to the incident to report the holes. As a result of this incident, claimant’s vehicle sustained damage to its right rear leaf spring assembly in the amount of $589.42.
The position of the respondent is that it did not have actual or constructive notice of the condition on County Route 33. Respondent did not present a witness at the hearing.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had, at the least, constructive notice of the hole which claimant’s vehicle struck and that it presented a hazard to the traveling public. The size of the hole and its location on the travel portion of the road lead the Court to conclude that respondent had notice of this hazardous condition. Further, the Court finds that respondent had a reasonable amount of time to *235 take corrective action. Thus, there is sufficient evidence of negligence to base an award. Notwithstanding the negligence of the respondent, the Court is also of the opinion that the claimant was negligent since he was aware of the condition on the road and could have further reduced his speed in accordance with the conditions then and there existing. In a comparative negligence jurisdiction such as West Virginia, the claimant’s negligence may reduce or bar recovery in a claim. Based on the above, the Court finds that the claimant’s negligence equals twenty-five percent (25%) of his loss. Since the negligence of the claimant is not greater than or equal to the negligence of the respondent, claimant may recover seventy-five percent (75%) of the loss sustained.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimant in the amount of $442.07.
Award of $442.07.